IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMAN SINGH,

                Plaintiff,

v.

KIMBERLY MARKS, *et al.*,

                Defendants.

ORDER

14-cv-507-jdp

---

      Pro se plaintiff Aman Singh is proceeding on claims that various state officials unconstitutionally deprived him of opportunities to participate in programs while he was incarcerated that could have earned him early release and rescinded his early release credits. Plaintiff was allowed to proceed against three sets of "John Doe" officials: (1) Doe Program Review Committee members; (2) Doe Appeal Administrator; and (3) Doe "Act 28 Repeal Implementation Committee" members.[1]

      At the August 28, 2015 preliminary pretrial conference, I explained to the parties this court's procedure directing plaintiff to use discovery to ascertain the identities of the Doe defendants. On October 21, 2015, plaintiff submitted a document identifying the PRC members: Paula Decker, Thomas Weigand, Teresa Weigand and Jeremy Gloudemans. Dkt. 24. I also understand plaintiff to be naming Tad LeBreck and John Bett as the parties filling the "appeal administrator" role. *See id*. With regard to the "Act 28 Repeal Implementation Committee" defendants, plaintiff seeks to compel defendants to provide the name of these Does. However, defendants have submitted a supplemental answer to plaintiff's interrogatories stating that although there is no committee formally named as the "Act 28 Repeal Implementation

---

[1] The order line of the court's screening order referred to this committee as the Act 29 committee, which appears to be a typo. The parties' filings seem to agree that 2009 Wisconsin Act 28 is the relevant provision.

Committee," there was a DOC subcommittee tasked with "[making] recommendations to Cathy Jess regarding changes to the Division of Adult Institution's policies based on the Wisconsin State Legislature's repeal of 2009 Wisconsin Act 28," and providing the names of the members of that subcommittee: Tony Streveler, Carol Briones, Kitty Anderson, Sally Tess, Shirley Storandt, Mark Heise, Danielle Lacost and Dennis Baskin. Dkt. 27, at 2.

At this point, I presume that these are the defendants plaintiff is looking for, so I will deny his motion to compel as moot. However, because plaintiff is the master of his complaint, I will not add these parties to the caption unless and until plaintiff confirms that this really is what he wants to do. I am giving plaintiff a short deadline to confirm this with the court. If plaintiff does not respond to this order by the deadline set below, then the court will not add any new defendants other than the Does that plaintiff already has identified.

Defendants have filed a motion to clarify and amend the preliminary pretrial conference order. Dkt. 28. They first ask whether plaintiff is required to formally submit an amended complaint including the names of the new defendants. The answer is No: plaintiff is not required to do this. At this point, the new defendants should be able to understand the allegations against them by plugging their names into the applicable portions of the amended complaint, dkt. 5. Defendants also ask for a new deadline to submit their amended responsive pleadings. I am granting that request, and I am extending the deadline for defendants to file a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies. The new dates are set forth below.

ORDER

It is ORDERED that:

(1) Plaintiff's motion to compel discovery (dkt. 25), is DENIED as moot.

(2) Defendants' motion to clarify and amend the preliminary pretrial conference order (dkt. 28), is GRANTED in part. The schedule is amended as follows:

- Plaintiff may have until November 17, 2015, to confirm that he wishes to add as defendants the DOC subcommittee members named by defendants.

- Defendants may have until December 7, 2015, to submit responsive pleadings.

- Defendants may have until December 18, 2015, to submit a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies.

Entered this 3rd day of November, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge