IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMAN SINGH,

                Plaintiff,

v.

K. MARKS, CATHY JESS, PAUL KEMPER,
MS. BELLIS, MS. SEITZ, EMILY NELSON,
KATHY NAGLE, PAULA DECKER,
THOMAS WEIGAND, TERESA WEIGAND,
JEREMY GLOUDEMANS, TAD LEBRECK,
JOHN BETT, TONY STREVELER, CAROL BRIONES,
KITTY ANDERSON, SALLY TESS,
SHIRLEY STORANDT, MARK HEISE,
DANIELLE LACOST and DENNIS BASKIN,

                Defendants.

ORDER

14-cv-507-jdp

---

      Plaintiff Aman Singh, a resident of Greenfield, Wisconsin, brings claims that various state officials unconstitutionally deprived him of opportunities to participate in programs while he was incarcerated at the Racine Correctional Institution that could have earned him early release, and that they rescinded "positive adjustment time" that he had earned.

      I previously denied plaintiff leave to proceed on equal protection claims that defendant Seitz denied plaintiff's open records requests for statistics concerning the number of prisoners granted early release before and after repeal of 2009 Wis. Act 28, which had provided for various "early release opportunities." Dkt. 6. Seitz denied the request pursuant to Wisconsin open records law, under which unrepresented prisoners are largely blocked from obtaining most records.

      Now plaintiff asks for reconsideration of the screening of his complaint. Dkt. 20. Plaintiff states that he wishes to bring him a claim against Seitz under an access to the courts

theory. *Id*. at 1-2. (citing *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) ("By depriving relator of the information about the cost to obtain his trial and appellate transcripts, the district clerk's policy invoking [Texas Government Code] Section 552.028 deprived relator of the ability to prepare an application for a writ of habeas corpus that included all possible grounds for relief and thereby denied him the right to access the courts.")). Plaintiff contends that he lost ex post facto claims in his state habeas case because he was unable to bring evidence showing that the changes to state law prolonged his confinement. *See State ex rel. Singh v. Kemper*, 2014 WI App 43, ¶ 25, 353 Wis. 2d 520, 846 N.W.2d 820 ("Singh alleges that there have been fewer PAT-based early releases since the enactment of 2011 Wis. Act 38, but provides no proof in this regard or proof that any such change in releases is the result of the sentencing court's modified role."). The evidence plaintiff hoped to bring was withheld by defendant Seitz.

In applying the right of access to the courts in the prison context, the Supreme Court has held that prison officials have an affirmative duty to provide prisoners "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), the Court explained that a prisoner cannot prove a violation of his right of access to the courts unless he identifies a nonfrivolous claim that was lost or is being impeded.

Based on plaintiff's allegations that he lost a potentially meritorious habeas claim because he was blocked from obtaining information proving his ex post facto theory of relief, I conclude that he has stated a plausible access to the courts claim. I will grant plaintiff's motion for reconsideration of the screening order.

Defendants have submitted a motion to dismiss, which the parties have completed briefing. I will give the parties a short time to supplement their briefing on this motion to address plaintiff's access to the courts claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Aman Singh's motion for reconsideration of the court's screening order, Dkt. 20, is GRANTED. Plaintiff is GRANTED leave to proceed on an access to the courts claim against defendant Seitz.

2. Defendants may have until March 28, 2016, to supplement their motion to dismiss, Dkt. 36, to address the access to the courts claim. Should defendants file such a supplement, plaintiff may have until April 11, 2016, to submit his supplemental response, and defendants may have until April 18, 2016, to submit a reply.

Entered March 14, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge